**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALAN DOERING,                                                                          PLAINTIFF
ADC #106115

V.                          5:16CV00165-BSM-JTK

J. MICHAEL WOOD, et al.                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

       1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.      Introduction**

Plaintiff Alan Doering, a state inmate proceeding pro se, has been granted leave to proceed in forma pauperis in this action filed pursuant to 42 U.S.C. §1983. Having reviewed Plaintiff's Complaint, the Court finds that it should be dismissed for failure to state a claim upon which relief may be granted.

**II.     Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The

plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

**III.    Facts/Analysis**

Plaintiff claims Defendants violated his constitutional rights when they concluded that he is an extreme danger to women and children, and gave him a "sosra sex registering score" of 3. (Doc. No. 1, p. 3) Plaintiff states the score was placed on-line and ruined his character and name, caused him to suffer humiliation and ridicule, and prevents him from being released on parole. (Id.) He asks for monetary and injunctive relief.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.Mo. 1993).

Initially, the Court finds that Plaintiff's claim that Defendants ruined his character and name and caused him humiliation and ridicule, must fail as a matter of law. In Paul v. Davis, the United States Supreme Court held that defamation by a state or local official does not by itself violate rights protected by the federal constitution. 424 U.S. 693, 712 (1976). In addition, in Johnson v. Barker, the court stated that defamation is not actionable under section 1983 and that damage to reputation, standing alone, does not state a claim for relief, because reputation is "neither 'liberty' nor 'property' guaranteed against state deprivation

without due process of law," 799 F.2d 1396, 1399 (9th Cir. 1986), citing Paul, 424 U.S. at 711-12. See also Gill v. Texas, No. Civ.A. 503CV-298-C, 2004 WL 852285 * 4 (N.D.Tex. 2004), and Savage v. Snow, 575 F.Supp. 828, 837 (S.D.N.Y. 1983).

In addition, Plaintiff's claim that the score calculated by Defendants prevents him from release on parole does not state a constitutional claim for relief. Plaintiff has no constitutional right to parole. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 9-11 (1979). The Constitution does not create a protected liberty interest in prisoner classifications or parole eligibility, and liberty interests arising from state law are limited to freedom from restraint which imposes "atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. Therefore, state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987). In addition, any request for a shortening of his sentence or length of confinement should be pursued in a habeas corpus petition. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). In Offet v. Solem, the court held state remedies must be exhausted when a federal decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status. 823 F.2d 1256, 1261(8th Cir. 1987).

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED for failure to state a claim upon which relief may be granted.

2. Dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an <u>in forma pauperis</u> appeal from a Memorandum and Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 23rd day of June, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." See <u>Patton v. Jefferson Correctional Center</u>, 136 F.3d 458, 462-64 (5th Cir. 1998), where the Court held that a complaint construed as stating both habeas and section 1983 claims which was dismissed as frivolous and for failure to exhaust state court remedies, could be considered a "strike" within the meaning of the PLRA.