## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**ALAN DOERING**                                                             **PLAINTIFF**
**ADC #106115**

**v.**                        **CASE NO. 5:16-CV-00165 BSM**

**J. MICHAEL WOOD, et al.**                                   **DEFENDANTS**

## <u>ORDER</u>

The recommended disposition ("RD") submitted by United States Magistrate Judge Jerome T. Kearney [Doc. No. 8] and plaintiff Alan Doering's objections [Doc. No. 9] have been reviewed. Doering correctly notes that the RD does not address his double jeopardy and due process claims. After reviewing the record, the RD is adopted with modification.

Doering alleges that his constitutional rights were violated when he was given a sex offender score of "3," which indicates he is an "extreme danger to woman [sic] and children." Compl. ¶ 7, Doc. No. 1. He alleged that this score violated the double jeopardy and due process clauses because the score was based on "vague[,] unproven allegations" and conduct from two previous cases in which he was acquitted. *Id.* He acknowledges, however, that he has prior convictions of a sexual nature, namely exposing another person to HIV and second degree sexual assault. *Id.*

The double jeopardy clause protects against punishment or prosecution for offenses where a person has been previously charged and acquitted, convicted, or punished. *United States v. Halper*, 490 U.S. 435, 440 (1989); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Doering does not allege double prosecution but that his offender score, which

considered his prior acquitted charges, was double punishment because it damaged his character and caused his family to disown him. *See* Compl. ¶¶ 7–8. This claim fails because Arkansas's sex offender registration and scoring provisions are non-punitive in nature and on "even stronger constitutional footing" than similar statutes in other states. *See Weems v. Little Rock Police Dept.*, 453 F.3d 1010, 1017 (8th Cir. 2006).

As for Doering's due process allegations, he does not specify whether he alleges a substantive or a procedural due process claim, or both. Substantive due process considers whether a person's fundamental liberties have been violated. *See Sandin v. Conner*, 515 U.S. 472, 479–81 (1995). Doering has not alleged a violation of a fundamental liberty, and because he admits he has prior sex convictions, his complaint cannot be construed to allege a right to be free from classification. *See Coleman v. Dretke*, 395 F.3d 216, 222 (5th Cir. 2004) (protected interest may arise when a person without prior convictions is classified as sex offender). Doering has only alleged that he disagrees with his score, which does not implicate substantive due process. *See Does v. Munoz*, 507 F.3d 961, 964–65 (6th Cir. 2007) (no violation by appearance on the sex offender registry).

Procedural due process asks whether a protected interest has been implicated and if so, whether constitutionally sufficient procedures were used. *Christiansen v. West Branch Community School Dist.*, 674 F.3d 927, 934 (8th Cir. 2012); *Dretke*, 395 F.3d at 221. Doering has not alleged the violation of a federal right or any other federally-protected interest. His allegations about the factors used in the scoring process do not infringe upon

any state-created right because Arkansas law explicitly provides that his prior arrests and incident records can be considered. *See Sandin*, 515 U.S. at 479–81 (state law and prison manuals outlining classification process may create protected interest); Ark. Code Ann. § 12-12-917(b)(2)(A). Even if he had alleged some protected interest, he has not alleged which procedures were inadequate. Arkansas provides him with an opportunity to participate in the scoring process, an opportunity for administrative review, and an opportunity for judicial review in state court. *See* Ark. Code Ann. §§ 12-12-922 (b)(5)–(7). He has not alleged that he availed himself to any of these procedures or that he was prevented from using them. Therefore, he lacks standing to challenge their adequacy. *See Hughes v. City of Cedar Rapids*, 112 F. Supp. 3d 817, 833–34 (N.D. Iowa 2015) (analyzing circuit split and recognizing that not taking advantage of processes often results in lack of harm).

Doering has failed to state a claim upon which relief can be granted, and his complaint is dismissed without prejudice. This constitutes a "strike" under 28 U.S.C. § 1915(g). It is certified that an appeal would not be taken in good faith. *See id.* § 1915(a)(3).

IT IS SO ORDERED this 19th day of September 2016.

UNITED STATES DISTRICT JUDGE